UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLYCOBIOSCIENCES, Inc.<br>(a Canadian Company)<br>7 Timber Court<br>Georgetown, Ontario L7G 4S4<br><br>        Plaintiff<br>v.<br><br>VICHY LABORATORIES, SA<br>41 Rue Martre<br>92117 Clichy, France<br><br>        d/b/a   Vichy USA<br>                574 Springfield Ave<br>                Westfield, NJ 07090-1001<br>and<br><br>L'OREAL S.A.<br>41 Rue Martre<br>92117 Clichy, France<br><br>        d/b/a   LOREAL, USA<br>                10 Hudson Yards<br>                New York, NY 10001<br><br>        Defendants | Civil Action No. 22-1264 |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff GlycoBioSciences, Inc., by its undersigned counsel, allege for its Complaint against defendants L'Oreal S.A. and Vichy, S.A., as follows:

**THE NATURE OF THIS ACTION**

1.      Glyco brings this action against L'Oreal and Vichy pursuant to 35 U.S.C. §101 et.

seq. and §§ 271, 281, 283, 284, & 285 inclusive, for infringement of one or more claims of U.S. Patent No. 9,821,005 entitled Polymer Matrix Compositions Comprising a High Concentration of Bio-fermented Sodium Hyaluronate and Uses Thereof and for infringement of one or more claims of U.S. Patent No. 10,322,142 entitled Polymer Matrix Compositions Comprising a High Concentration of Bio-fermented Sodium Hyaluronate and Uses Thereof.  Both patents list Kevin Drizen and Jai Velusamy  as inventors and are assigned to Plaintiff Glyco.  The Glyco Patents are directed to cosmetic and pharmaceutical formulations for the effective delivery of Hyaluronate in a polymer matrix.  Plaintiff Glyco has launched several successful products with Hyaluronate components and has a multi decade history in the development of polymer matrix delivery.  L'oreal and Vichy infringe the '005 and '142 Patents by manufacturing and selling cosmetics which utilize the patented formulations as claimed in the Glyco Patents. Defendants have refused to cease their infringing actions, thereby necessitating this lawsuit.

**THE PARTIES**

2.  Plaintiff Glyco is a Canadian Corporation headquartered in Ontario Canada with its principle place of business at 7 Timber Court, Georgetown, Ontario L7G 4S4.

3.  Defendant L'Oreal is foreign corporation organized under the laws of France and having its headquarters and principal place of business at: 41 Rue Martre, 92117 Clichy, France. L'Oreal sells and distributes accused infringing products known as: Revitalift 1.5% Pure Hyaluronic Acid;  1.5% HA Revitalift;  Revitalift Filler 1.5% Hyaluronic Acid Serum  , throughout the United States, including sales into this judicial district.

4.  Defendant Vichy Laboratories is foreign corporation organized under the laws of

France and having its headquarters and principal place of business at: 41 Rue Martre, 92117 Clichy, France.   Vichy sells and distributes accused infringing products known as: Liftactiv Supreme H.A. Wrinkle Filler 1.5% Hyaluronic Acid Serum + Vitamin C; Liftactiv HA Wrinkle Filler 1ml; Liftactiv Supreme Night 1.5ML Firming Anti-Aging Cream, throughout the United States, including sales into this judicial district.

**JURISDICTION AND VENUE**

5.This is an action for patent infringement arising under the laws of the United States, 35 U.S.C. §271 *et seq*.

6.This Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. §§271, 281 and 28 U.S.C. §§ 1331 and 1338(a), federal question, and 28 U.S.C. § 1332(a)(2) because Defendants are foreign corporations. This Court has personal jurisdiction over Defendants L'Oreal and Vichy as foreign companies and because of sales of the infringing products into The District of Columbia, directly and through L'Oreal d/b/a L'Oreal USA and Vichy d/b/a Vichy USA, directly and through intermediaries and retailers  giving rise to this action.

7.Venue is proper in the Eastern District of Virginia pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400. Upon information and belief, Defendants are foreign coporations and have committed acts of infringement and are causing injury to Glyco in this judicial district.

**BACKGROUND AND GENERAL ALLEGATIONS**

8.Glyco has developed numerous formulations for the effective delivery of

theraputic agents, including Hyaluronic Acid.  Glyco has developed a range of polymer matrices that are effective carriers for the efficient delivery of Hyaluronic Acid for skin care, wound care and cosmetic uses.   Several of Plaintiff's products which are currently on the market are protected by the Glyco Patents.

9. Glyco developed a stable polymer matrix compositions which has advantageous properties, comprising high concentrations of sodium hyaluronate obtained from a Streptococcus zooepidemicus source and a non-ionic polymer. Glyco's products have found advantageous results form the use of a polymer matrix composition which further comprises polyethylene glycol and methylparaben, and utilizes ingredients that are of pharmaceutical or compendial grade. The polymer matrix compositions used by Glyco and protected by the patents, may optionally comprise an active ingredient. The polymer matrix compositions may be used in the treatment of wounds, burns, certain dermatological conditions and in topical, transdermal delivery and sustained release of active ingredients.

10. The patents protect formulations with a polymer matrix composition comprising: sodium hyaluronate, a non-ionic polymer, polyethylene glycol (PEG), and water, and formulas with equivalent compositions.

11. The Glyco Patents, copies of which are attached as Exhibits A and B to the Complaint, are each directed to Polymer matrixes that carry Hyauloronic Acid.  The Glyco Patents have each been assigned to, and are currently owned by, Plaintiff GlycoBioSciences.

12. The '005 Patent was legally issued by The United States Patent and Trademark Office on November 21, 2017.

13. The '142 Patent was legally issued by The United States Patent and Trademark

Office on June 18, 2019 as a continuation of the '005 patent and is co-terminus with the '005 patent, both expiring on August 5, 2035.

**Infringing Products**

14. L'Oreal manufactures and sells certain Hyaluronic Acid containing cosmetics, including products variously identified as:

> Revitalift 1.5% Pure Hyaluronic Acid;
> 1.5% HA Revitalift;
> Revitalift Filler 1.5% Hyaluronic Acid Serum

Upon investigation, testing, information and belief, the above products contain high concentrations of Hyaluronic Acid in a Polymer matrix which includes a non-ionic polymer and are formulations that have all of the elements of one or more of the claims of the Glyco Patents and/or have formulae that are equivalent to the claimed formulas.

15. Vichy manufactures and sells certain Hyaluronic Acid containing cosmetics, including products variously identified as:

> Liftactiv Supreme H.A. Wrinkle Filler 1.5% Hyaluronic Acid Serum + Vitamin C;
> Liftactiv HA Wrinkle Filler 1ml;
> Liftactiv Supreme Night 1.5ML Firming Anti-Aging Cream

Upon investigation, testing, information and belief, the above products contain high concentrations of Hyaluronic Acid in a Polymer matrix which includes a non-ionic polymer and are formulations that have all of the elements of one or more of the claims of the Glyco Patents and/or have formulae that are equivalent to the claimed formulas.

16. Glyco contacted Defendants, citing the Glyco Patents. The parties have had brief communication in an effort to resolve this issue of infringement. However, Defendants have so

far refused to respect the patent rights of Glyco, despite offers of license.

17. The '005 patent includes five claims. Independent claim 1 recites a formulation for a stable topical polymer matrix gel composition comprising generally:

> 1.5% to 3.5% bio-fermented sodium hyaluronate;
>
> 0.1% to 2.0% hydroxyethylcellulose;
>
> 2% to 4% polyethylene glycol;
>
> 0.1% to 0.3% w/w methylparaben;
>
> and water.

18. The '142 patent includes 17 claims twelve polymer matrix claims and five method claims for a polymer matrix composition comprising generally:

> about 1.5% to 3.5% bio-fermented sodium hyaluronate;
>
> about 0.1% to 2.0% non-ionic polymer;
>
> about 2% to 4% polyethylene glycol;
>
> and water;

the claims recite a large range of acceptable non-ionic polymer components. The '142 claims also recite, in certain embodiments, the in clusion of an active therapeutic ingredient in addition to the Hyaluronic Acid.

19. Both Vichy and L'Oreal manufacture, distribute and sell products which include each of the recited elements of one or more of the claims of the Glyco Patents, and/or there substantial equivalents.

## COUNT I
### Infringement of U.S. Patent No. 9,821,005 by L'Oreal

20.     The allegations of the paragraphs above are hereby re-alleged and incorporated herein by reference.

21.     Glyco is the current assignee and owner of the '005 Patent.

22.     L'Oreal has infringed, and continues to infringe, at least claims 1 and 5 of the '005 Patent, under 35 U.S.C. § 271(a), by making, distributing and selling the Accused Products into the United States.

23.     L'Oreal does not have a license or permission to the use the '005 Patent.

24.     L'Oreal has been willfully infringing the '005 Patent. Upon information and belief, L'Oreal has no good faith defense to Glyco's infringement allegations and has refused to cease selling products or to engage in further attempts to reach a business resolution. Instead, L'Oreal has intentionally continued its infringement.

25.     As a result of L'Oreal's willful infringement of the '005 Patent, Glyco has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty and lost profits on at least a portion of the sales of L'Oreal.

## COUNT II
### Infringement of U.S. Patent No. 10,322,142 by L'Oreal

26.     The allegations of the paragraphs above are hereby re-alleged and incorporated herein by reference.

27.     Glyco is the current assignee and owner of the '142 Patent.

28.     L'Oreal has infringed, and continues to infringe, at least claims 1, 2, 3, 5, 6, 8, 13

and 14 of the '142 Patent, under 35 U.S.C. § 271(a), by making, distributing and selling the Accused Products into the United States.

29. L'Oreal does not have a license or permission to the use the '142 Patent.

30. L'Oreal has been willfully infringing the '142 Patent. Upon information and belief, L'Oreal has no good faith defense to Glyco's infringement allegations and has refused to cease selling products or to engage in further attempts to reach a business resolution. Instead, L'Oreal has intentionally continued its infringement.

31. As a result of L'Oreal's willful infringement of the '142 Patent, Glyco has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty and lost profits on at least a portion of the sales of L'Oreal.

## COUNT III
### Infringement of U.S. Patent No. 9,821,005 by Vichy

32. The allegations of the paragraphs above are hereby re-alleged and incorporated herein by reference.

33. Glyco is the current assignee and owner of the '005 Patent.

34. L'Oreal has infringed, and continues to infringe, at least claims 1 & 5 of the '005 Patent, under 35 U.S.C. § 271(a), by making, distributing and selling the Accused Products into the United States.

35. L'Oreal does not have a license or permission to the use the '005 Patent.

36. L'Oreal has been willfully infringing the '005 Patent. Upon information and belief, L'Oreal has no good faith defense to Glyco's infringement allegations and has refused to

cease selling products or to engage in further attempts to reach a business resolution. Instead, L'Oreal has intentionally continued its infringement.

37. As a result of L'Oreal's willful infringement of the '005 Patent, Glyco has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty and lost profits on at least a portion of the sales of L'Oreal.

## COUNT IV
## Infringement of U.S. Patent No. 10,322,142 by Vichy

38. The allegations of the paragraphs above are hereby re-alleged and incorporated herein by reference.

39. Glyco is the current assignee and owner of the '142 Patent.

40. L'Oreal has infringed, and continues to infringe, at least claims 1, 2, 3, 5, 6, 8, 13 and 14 of the '142 Patent, under 35 U.S.C. § 271(a), by making, distributing and selling the Accused Products into the United States.

41. L'Oreal does not have a license or permission to the use the '142 Patent.

42. L'Oreal has been willfully infringing the '142 Patent. Upon information and belief, L'Oreal has no good faith defense to Glyco's infringement allegations and has refused to cease selling products or to engage in further attempts to reach a business resolution. Instead, L'Oreal has intentionally continued its infringement.

43. As a result of L'Oreal's willful infringement of the '142 Patent, Glyco has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty and lost profits on at least a portion of the sales of L'Oreal.

**PRAYER FOR RELIEF**

A. For a Judgment declaring that Defendants have infringed the Glyco Patents.

B. For a Judgment declaring that L'Oreal has infringed the 9,821,005 Patent.

C. For a Judgment declaring that L'Oreal has infringed the 10,322,142 Patent.

D. For a Judgment declaring that Vichy has infringed the 9,821,005 Patent.

E. For a Judgment declaring that Vichy has infringed the 10,322,142 Patent.

F. For a judgment declaring that L'Oreal's infringement of the Glyco Patents has been willful;

G. For a judgment declaring that Vichy's infringement of the Glyco Patents has been willful;

H. For a grant of a permanent injunction pursuant to 35 U.S.C. §283, enjoining Defendants from further acts of infringement;

I. For a judgment awarding Glyco compensatory damages as a result of Defendant's infringement sufficient to reasonably and entirely compensate Glyco for said infringement of the Glyco Patents in an amount to be determined at trial;

J. For a judgment declaring that this case is exceptional and awarding Glyco its expenses, costs and attorneys' fees in accordance with 35 U.S.C. § 285 and Rule 54(d) of the Federal Rules of Civil Procedure;

K. For a judgment awarding Glyco prejudgment interest pursuant to 35 U.S.C. § 284, and a further award of post judgment interest, pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid.

L. For a judgment awarding Glyco enhanced damages under 35 U.S.C. § 284; and

  M. For such other relief to which Glyco is entitled under the applicable United States laws and regulations or as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure Rule 38(b), Plaintiff hereby demands trial by jury as to all claims in this litigation.

DATED: May 6, 2022          Respectfully submitted,

                   /s/ Joseph J. Zito
                   Joseph J. Zito
                   DNL Zito Castellano
                   1250 Connecticut Ave., Suite 700
                   Washington, D.C., 20036
                   Telephone: 202-466-3500
                   jzito@dnlzito.com

                   *Attorneys for Plaintiff*
                   *GlycoBiosciencs, Inc.*